DANIEL L. LEARY *vs.* CITY OF NEWBURYPORT.

Essex.    November 5, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, BRALEY, & DE COURCY, JJ.

*Tree Warden. Municipal Corporations. Way,* Public: defect in highway.

A city is not liable for injuries caused by negligence of the tree warden of the city when cutting down and removing a tree in the course of his duty as a public officer.

Where the tree warden of a city and his assistants had been engaged for two or three days in cutting down and removing a tree standing in a sidewalk of a public way of the city, and, having removed the limbs of the tree, completed on a certain day the work of digging around the tree and substantially cutting the roots, leaving it guyed to a telephone pole until the forenoon of the following day, when the guy rope was cut and the tree was about to be taken down,

---

\* *Jenney,* J.

but fell unexpectedly across the street, striking and injuring a boy who was. on the sidewalk on the opposite side of the street, these facts cannot be found. to have constituted reasonable notice to the city that the tree was a defect in the highway.

MORTON, J.   This is an action of tort to recover for injuries. received by the plaintiff from the falling of a tree which stood in. the sidewalk on Olive Street, a public way in the defendant city.   The plaintiff, a child three years and seven months old, was on the sidewalk on the opposite side of the street and was. struck by the tree as it fell.*

At the time of the accident the tree warden and some of his. men were engaged and had been for two or three days in cutting down and removing the tree.   The tree fell unexpectedly.   If its fall was due to negligence on the part of any one, the negli-- gence was that of the tree warden and his assistants, and for that the defendant is not liable.   *Donohue* v. *Newburyport,* 211 Mass. 561.   There is nothing to show what the condition of the tree- was before the tree warden and his assistants began to take it. down or whether before that time it constituted a defect in the highway, though one witness testified that "the limbs were- coming down in a wind storm."   So far as appears it was the cutting away of the roots by the tree warden and his assistants,. aided by the cutting of a guy from the tree to the telephone- pole a short time before the accident, which caused the tree to fall.   The evidence showed that the tree warden and his assist-- ants began the work of removing the tree by cutting off and removing the limbs and proceeded after having done that to dig around the tree and cut the roots.   The evidence was con- flicting whether the work of digging around the tree and cutting the roots was completed on Friday, or was finished on Saturday- morning not long before the tree fell.   But taking the view of the evidence most favorable to the plaintiff, there is nothing, we- think, to warrant a finding that the tree was a menace to the- public safety for such a length of time that the defendant had, or in the exercise of proper care and diligence might have had, reasonable notice of its condition.   There is, as already ob--

---

* In the Superior Court *Bell,* J., ordered a verdict for the defendant;. and the plaintiff alleged exceptions.

served, nothing to show that the tree was liable to fall until the roots were cut away in the process of taking it down and the guy had been removed, and, assuming in the plaintiff's favor that the evidence would warrant a finding that the roots had been substantially cut on Friday and that the tree fell Saturday forenoon, we do not think that, guyed as it was, that condition of things constituted or could be found to constitute reasonable notice to the defendant that the tree was a defect in the highway. Its condition was a transient one, incident to the work of its removal which had not been completed, and in which the tree warden and his assistants were engaged at the time of the fall. The case differs materially from *Donohue* v. *Newburyport, supra.*

The conclusion to which we have come on this branch of the case renders it unnecessary to consider whether the plaintiff was or was not a traveller on the highway.

*Exceptions overruled.*

The case was submitted on briefs.

*T. S. Herlihy,* for the plaintiff.

*D. P. Page,* for the defendant.